KSC/10.12.21
ZBS:



U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2021 OCT 13  PM 4: 39

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | **CRIMINAL NO.** CCB-21-410 |
| | * | |
| JAIRO LEONIDES ARGUETA- | * | |
| QUIJANO, | * | **(Conspiracy to Interfere with Interstate** |
| | * | **Commerce by Extortion, 18 U.S.C.** |
| Defendant. | * | **§ 1951(a); Forfeiture, 18 U.S.C. §** |
| | * | **981(a)(1)(C), 21 U.S.C. § 853(p), and 28** |
| | * | **U.S.C. § 2461(c))** |
| | * | |

***

## INDICTMENT

## COUNT ONE
### (Conspiracy to Interfere with Commerce by Extortion)

The Grand Jury for the District of Maryland charges that:

From in or about 2019, and continuing until in or about May 2021, in the District of Maryland and elsewhere, the defendant,

### JAIRO LEONIDES ARGUETA-QUIJANO,

and others known and unknown to the Grand Jury, did conspire and agree with each other to knowingly obstruct, delay, and affect commerce and the movement of any article or commodity in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, the defendant conspired and agreed with others to obtain the property of Victim-1 with Victim-1's consent induced by the wrongful use of actual or threatened force, violence, and fear, including fear of economic loss.

18 U.S.C. § 1951

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Indictment.

### Extortion Forfeiture

2.     Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

### JAIRO LEONIDES ARGUETA-QUIJANO,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Substitute Assets

3.     If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

2

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall

be entitled to forfeiture of substitute property up to the value of the forfeitable property described

above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney

A TRUE BILL:

Foreperson

Date: 10/13/2021